## Meehan v. Morris Novack, Inc.

*James P. Geoghegan*, for plaintiffs.

*Jean B. Green* and *Duffy, McTighe & McElhone*, for defendant.

Forrest, J., February 2, 1961.—General contractors filed this mechanic's lien claim for constructing a sewer and street. The claim embraces excavating, furnishing terra cotta pipe and making a sewer line thereof, construction of manholes for the sewer and furnishing bituminous concrete and paving for the street. . .

The third and crucial contention of defendant is that the law makes no provision for filing mechanic's liens for the labor and material in connection with construction of a sewer line and paving the street over the line. The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 2, 49 PS §21, provides that: "Every structure or *other improvement,* and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or subcontractor in the erection and construction or removal thereof, in the addition thereto, and in the alteration and repair thereof, and of the outhouses, sidewalks, yards, fences, walks, or other enclosure belonging to said structure or other improvement . . ." (Italics supplied). However, the act, as literally construed, has been adjudged constitutional only so far as it does not subject property to liens for labor and materials, other than for erection, alteration and repair of *houses or buildings,* as those words were interpreted by the courts in cases arising under the Act of June 16, 1836, P. L. 695.

In Kneas Lumber Co. v. Ciccarone, 20 D. & C. 2d 407, 76 Montg. 153 (1959), we pointed out that the phrase "structure or other improvement" could not constitutionally extend the right to file a lien to claims not measuring up to the standard of the Act of 1836, and that the Act of 1836 applied to a "house or other building" and *not* to any and all improvements whatever their nature. In Kinsinger v. Keasbey & Mattison Co., 76 Montg. 471 (1960), consistent with the Kneas case, we decided that in accordance with the law before the constitution of 1874, a fence enclosing a lot was not an integral part of the building thereon erected, particularly since the work was not done under an entire contract for the erection of the building. In Marcus v. Freidin, 70 Pitts. L. J. 543 (1922), the court decided that now, as under the acts prior to

1874, there was no right of lien for the construction of a ditch and laying a line of sewer pipe extending underground from the house line to the street. See also 12 Standard Pa. Practice, page 48.

In consonance with the authorities cited above, we continue to construe the Mechanic's Lien Act so as not to extend the right to file a lien to cases not falling within the Act of 1836. Since the claimants would not have had the right to a lien under the Act of 1836, they have no such right under the act currently in effect. . .

*Order*

And now, February 2, 1961, the rule to show cause is made absolute, and the prothonotary is ordered to strike off the mechanic's lien claim from the mechanics' lien docket and from the judgment docket.